## KAISER v INDUSTRIAL COMMISSION

Ohio Appeals, 1st Dist, Hamilton Co

Decided June 27, 1938

Davies, Hoover & Beall, Cincinnati, for appellee.

Herbert S. Duffy, Columbus, Eugene Carlin, Columbus, and C. L. Hawthorne, Cincinnati, for appellant.

670

## OPINION

By ROSS, PJ.

The plaintiff, an employee of The A. Nash Tailoring Company was occupied as a pants presser—operating a power machine —equipped with a steaming device and controlled by a pedal which plaintiff operated with his right foot. A considerable pressure was required to trip the pedal.

The evidence develops that the constant operation of the machine by pressure upon the pedal produced a callous upor the right foot of the employee, that later a blister appeared about the callous, which one day broke while the employee was operating the machine.

The number of garments pressed during a week or day varied, sometimes reaching the number of 3,000.

Upon going to his home on the day the blister broke and examining his foot, he found a considerable quantity of liquid in his shoe, and that there was quite an amount of separation.

He was attended by a physician and the testimony of the doctors is that a cancerous condition has followed the injury to the foot.

There is no question that the present condition of the employee's foot is due to his employment, grew out of it, and was caused by an injury incurred in the course of his employment, and by reason thereof. It was not self-inflicted, as that expression is used in the law.

The **Constitution of Ohio, Article II, §35** provides in part:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupantional disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom."

Sec 1465-68, GC, provides in part:
"Every employee mentioned in §1465-61, GC, who is injured, and the dependents of such as are killed in the course of employment, wheresoever such injury has occurred, provided the same was not purposely self-inflicted, on or after January 1, 1914, shall be paid such compensation out of the state insurance fund for loss sustained on account of such injury or death as is provided in the case of other injured or killed employees, and shall be entitled to receive such medical, nurse and hospital services and medicines, and such amount of funeral expenses as are payable in the case of other injured or killed employees."

This law defines the substituted rights of the employee.

We consider that the facts stated justify the verdict of the jury awarding participation in the state insurance fund.

The judgment is affirmed.

HAMILTON and MATTHEWS, JJ, concur.